IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | Criminal No. 4:11-cr-166-SDJ-CAN-9 |
| DANTORIO KURT GILBERT | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Judge referred the matter to the undersigned for a report and recommendation, the Court conducted a hearing on August 24, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Denise Benson. The Government was represented by Assistant United States Attorney Heather Rattan.

On November 15, 2013, United States District Marcia A. Crone sentenced Defendant to a term of one hundred thirty (130) months' imprisonment and five (5) years of supervised release. On October 2, 2015, Judge Crone reduced Defendants' term of imprisonment to eighty-seven (87) months. On July 6, 2021, this case was reassigned to United States District Judge Sean D. Jordan.

On July 8, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 935). The Petition was then superseded by a First Amended Petition (the "Amended Petition") (Dkt. 944). The Amended Petition alleges Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia

1

related to any controlled substances, except as prescribed by a physician; and (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the Probation Officer.

The Amended Petition asserts that Defendant violated these conditions because: (1) an incident report advises that on August 16, 2021, Defendant allegedly violated Texas Penal Code § 38.04(b) (Evading Arrest/Detention with a Vehicle); (2) on August 4, 2020, Defendant's urine sample tested positive for methamphetamine; (3) on February 23, June 2, and July 12, 2021, Defendant's urine samples tested positive for methamphetamine; and (4) on October 9, 18, 26, and 30, 2019, on January 3 and 7 and June 2, 2020, and on February 1 and 20, March 17, April 12, and May 28, 2021, Defendant failed to attend substance abuse treatment as directed, and on November 9, 2020 and April 19, 2021, Defendant failed to submit a urine sample as directed.

Defendant appeared before the Court on August 24, 2021. Defendant orally waived his rights to a preliminary hearing and a detention hearing under the Amended Petition, and the Court found such waivers were knowingly and voluntarily executed. The Court then proceeded directly with Defendant's final revocation hearing. Defendant entered a plea of guilty as to allegations 2 and 3, consented to revocation of his supervised release, and waived his right to file objections with the District Judge. *See* Dkt. 950. After the Court accepted Defendant's plea of guilty as to allegations 2 and 3 of the Amended Petition, the Government moved to dismiss allegations 1 and 4, which the Court granted. Overall, the Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 24, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, to run consecutively to any other sentence imposed, followed by thirty (30) months of supervised release with the same conditions of release as previously imposed. The Court further recommends that Defendant receive drug treatment while incarcerated at the appropriate Federal Bureau of Prisons facility. Finally, the Court recommends Defendant be placed at a Federal Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**So ORDERED and SIGNED this 31st day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE